UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVARRIO WEBB, #451915,

                Petitioner,

                                            CASE NO. 2:12-CV-15660
v.                                      HONORABLE DENISE PAGE HOOD

KENNETH MCKEE,

                Respondent.

_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.    Introduction**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Davarrio Webb ("Petitioner") pleaded no contest to one count of second-degree home invasion, MICH. COMP. LAWS § 750.110a(3), in the Saginaw County Circuit Court and was sentenced as a third habitual offender, MICH. COMP. LAWS § 769.11, to 2 years 5 months to 30 years imprisonment in 2010.  In his pleadings, Petitioner raises claims concerning the denial of his motion for plea withdrawal, the voluntariness of his plea, and the effectiveness of defense counsel.  For the reasons set forth, the Court dismisses without prejudice the petition for a writ of habeas corpus.  The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis on* appeal.

**II.    Analysis**

      A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking

one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. His habeas petition indicates that he exhausted his claims concerning the denial of his motion for plea withdrawal and the voluntariness of his plea in the Michigan courts, but did not do so with respect to his claim concerning the effectiveness of defense counsel. Petitioner has failed to properly exhaust all of his claims in the state courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of state court

2

remedies would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or

if the unexhausted claim is meritless such that addressing it would be efficient and not offend

federal-state comity.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C.

§ 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state remedies).

Additionally, a federal court has discretion to stay a mixed habeas petition to allow a petitioner to

present his unexhausted claims to the state courts in the first instance and then return to federal court

on a perfected petition.  *See Rhines v. Weber*, 544 U.S. 269, 276 (2005).  Stay and abeyance is

available only in "limited circumstances" such as when the one-year statute of limitations applicable

to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for

the failure to exhaust state court remedies before proceeding in federal court, there is no evidence

of intentional delay, and the unexhausted claims are not "plainly meritless."  *Id*. at 277.

Petitioner has available remedies in the Michigan courts by which to satisfy the exhaustion

requirement.  For example, he may file a motion for relief from judgment pursuant to Michigan

Court Rule 6.500 with the state trial court and then pursue his unexhausted claim in the state

appellate courts as necessary.  Petitioner therefore has additional remedies in the state courts which

must be exhausted before seeking federal habeas relief.

Petitioner has not requested a stay of the proceedings nor demonstrated that such action is

warranted.  While the one-year statute of limitations applicable to federal habeas actions, *see* 28

U.S.C. § 2244(d), may pose a concern, the Court cannot determine whether there has been any

intentional delay and Petitioner has not shown good cause for failing to pursue his unexhausted

ineffective assistance of counsel claim on collateral review in the state courts before seeking federal

habeas relief.  Additionally, Petitioner's unexhausted claim concerns a matter of federal law which

does not appear to be "plainly meritless."  Given such circumstances, a stay is unwarranted at this time and a non-prejudicial dismissal of the petition is appropriate.

## III.   Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted available state court remedies as to all of his habeas claims.   Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  Should Petitioner wish to delete the unexhausted claim and proceed only on the fully exhausted claims, he may move to re-open this case and amend his petition to proceed on the exhausted claims within 30 days of the filing date of this order.  Alternatively, should Petitioner wish to pursue his unexhausted claim in the state courts, he may file a motion to re-open this case and stay the proceedings within 30 days of the filing date of this order.  The Court makes no determination as to the merits of his claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal court dismisses a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  Reasonable jurists could not debate the correctness of the Court's procedural ruling.  Accordingly, the Court **DENIES** a certificate of appealability.  The Court also **DENIES** Petitioner leave to proceed *in forma pauperis*

on appeal as any appeal would be frivolous and cannot be taken in good faith.  *See* Fed. R. App. P.

24(a).

       **IT IS SO ORDERED**.

                       S/Denise Page Hood
                       Denise Page Hood
                       United States District Judge

Dated:  March 14, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2013, by electronic and/or ordinary mail.

                       S/LaShawn R. Saulsberry
                       Case Manager